**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **RAQUEL GARCIA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. C-05-193** |
| | § | |
| **CITY OF ALICE, TEXAS, ET AL.** | § | |
| **Defendant.** | § | |

**MEMORANDUM AND RECOMMENDATION ON**
**DEFENDANT MORAN'S MOTION TO DISMISS**

Plaintiff sues her employer City of Alice and city employee Yolanda Moran pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 (D.E. 16). She also alleges various state law causes of action (*Id.*). Pending is defendant Moran's motion to dismiss (D.E. 11).

**JURISDICTION**

The district court has federal question jurisdiction over plaintiff's Title VII and § 1983 claims, and supplemental jurisdiction over plaintiff's state law causes of action. 28 U.S.C. §§ 1331, 1367.

**BACKGROUND**

The following facts are taken from plaintiff's Third Amended Original Complaint (D.E. 16). Plaintiff alleges that she began her employment with the City of Alice in March 1999, and was paid approximately $16,800 annually. Between March and August 2003, a co-worker, Robert Lara, subjected plaintiff to sexual harassment and a hostile environment. Plaintiff alleges that Mr. Lara made unwelcome sexual comments to her, that he sent her disturbing and offensive e-mails, and that he would sit in her office and stare at her for long periods of time in an attempt to gain sexual favors from her (D.E. 16, ¶ 16).

Plaintiff filed a sexual harassment complaint against Mr. Lara on August 20, 2003 (D.E. 16 @ ¶ 20).  When defendant Yolanda Moran, the Director of Community Services for the City of Alice,  failed to take effective action on her complaint, plaintiff complained to defendant Moran about her failure to enforce the City of Alice's sexual harassment policy (D.E. 16 @ ¶ 18). Plaintiff also alleges that either Moran or Ray Gomez, who was the Director of Human Resources for the City of Alice, illegally disclosed information about her to members of the community (D.E. 16 @ ¶ 17).  Plaintiff complained to defendants that this misuse of information by a government employee violated the penal code, and claims she was retaliated against for doing so (D.E. 16 @ ¶ 21).

Finally, plaintiff alleges that she applied for the position of Recreation Superintendent between August 24, 2003 and September 7, 2003 (D.E. 16 @ ¶ 22).  On September 9, 2003, plaintiff wrote a letter to the City Manager Pete Anaya, complaining about Moran and Gomez's violation of the Texas Penal Code, about the defendant's general sexual harassment policy, possible malfeasance by city employees, and the "City's policy and/or practices regarding its responses to these matters" (D.E. 16 @ ¶ 23).  Plaintiff alleges that on February 10, 2004, she was not selected for the position of Recreation Superintendent in retaliation for her disclosure of penal code violations and complaints of sexual harassment (D.E. 16 @ ¶ 24).

## APPLICABLE LAW AND DISCUSSION

Defendant Moran moves to dismiss all of plaintiff's claims against her (D.E. 11).  In her response, plaintiff clarified that in the third amended complaint, she intended to make only one claim against defendant Moran, a § 1983 First Amendment claim of retaliation for engaging in protected speech (D.E. 13).  To the extent that plaintiff alleges any other claims against defendant

2

Moran, it is respectfully recommended that such claims be dismissed to conform the pleadings to the stated intentions of the plaintiff.

**First Amendment Retaliation Claim Against Defendant Moran**

Defendant Moran moves, pursuant to Fed. R. Civ. P. 12(b)(6). to dismiss plaintiff's § 1983 claim of retaliation against her for failure to state a claim upon which relief can be granted (D.E. 11).  In analyzing a Rule 12(b)(6) motion, all facts pleaded in the complaint must be liberally construed and accepted as true.  *Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999). A complaint may not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of h[er] complaint which would entitle [her] to relief."  *Id.* at 586 (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957)).

A First Amendment retaliation claim has four elements:

(1) the plaintiff must suffer an adverse employment decision;

(2) the plaintiff's speech must involve a matter of public concern;

(3) the plaintiff's interest in commenting on matters of public concern must outweigh the defendant's interest in promoting efficiency of the public services it performs; and

(4) the plaintiff's speech must have substantially motivated the defendant's action.

*Tharling v. City of Port Lavaca*, 329 F.3d 422, 426 (5th Cir. 2003) (citing *Harris v. Victoria Indep. Sch. Dist.,* 168 F.3d 216, 220 (5th Cir. 1999)); *see also Salge v. Edna Ind. Sch. Dist.,* 411 F.3d 178 (5th Cir. 2005).

On the first prong, plaintiff alleged she was not hired for a position she sought.  A refusal to promote or a refusal to hire is commonly considered an adverse employment decision.  *Serna v. City of San Antonio*, 244 F.3d 479 (5th Cir. 2001) (citations omitted).  Plaintiff has sufficiently

alleged that she suffered an adverse employment decision, and defendant's argument to the contrary is not supported by the pleadings or authorities.

On the second prong, whether the plaintiff's speech involved a matter of public concern, plaintiff alleged that on September 9, 2003, she wrote a letter to the City Manager complaining about the defendant's general sexual harassment policies, malfeasance by city employees, and the city's policy and/or practices regarding its responses.  "'Whether an employee's speech addresses a matter of public concern must be determined by the *content, form,* and *context* of a given statement, as revealed by the whole record.'" *Salge*, 411 F.3d at 186 (citing *Connick v. Myers*, 461 U.S. 138, 147-48, 103 S.Ct. 1684 (1983)) (emphasis in *Salge*).  Speech about the conditions of one's own employment is a private matter, *Teague v. City of Flower Mound,* 179 F.3d 377, 381 (5th Cir. 1999), while speech involving the report of corruption or wrongdoing is of public concern.  *Thompson v. City of Starkville, Miss.*, 901 F.2d 456, 463 (5th Cir. 1990).  Plaintiff's speech appears to be mixed, containing some elements of personal and public concern.  For mixed speech, the principles summarized in *Kennedy v. Tangipahoa Parish Library*, 224 F.3d 359, 366-72 (5th Cir. 2000) are to be applied.  First, the matter cannot involve solely personal matters.  *Id.* at 372 (citations omitted)  Second, the speech need not have been made to the public.  *Id.*  Third, the speech cannot be made in furtherance of a personal employer-employee dispute if it is to relate to the public concern.  *Id.*

The parties have not analyzed plaintiff's speech or briefed whether plaintiff's speech should be considered public or private pursuant to the principles in the *Kennedy* case.  In her third amended complaint, plaintiff alleges her speech exposed official misconduct.  Plaintiff has satisfied the requirement of pleading that her speech involved a matter of public concern.  Further discussion of this issue should be reserved until the issue is raised and fully briefed by the parties.

4

As to the third prong, defendant has not argued that the city's interest in promoting efficiency of the public services it performs is outweighed by plaintiff's interest in commenting on matters of public concern.  Finally, as to the fourth prong, plaintiff alleged that defendants failed to hire her because she had spoken out about malfeasance and about failure to enforce sexual harassment policies.

Plaintiff has met the pleading requirements in her First Amendment Retaliation claim. Moran argues, citing *Foley v. University of Houston Sys.*, 355 F.3d 333, 342 (5th Cir. 2003), that plaintiff's pleadings are not sufficient to provide the specificity the Fifth Circuit requires for a First Amendment retaliation claim (D.E. 18).  *Foley* requires a plaintiff to be "specific as to when her statement or statements were made, to whom they were made, whether they were oral or written, and the content of those statements." 355 F.3d at 342.  But *Foley* analyzes a First Amendment retaliation claim at the summary judgment stage, not at the pleading stage.  At this stage plaintiff has sufficiently described the statements she claims constitute protected speech.

## Qualified Immunity

Defendant Moran argues that she is entitled to qualified immunity.  The defense of qualified immunity applies unless plaintiff's pleadings, accepted as true: (1) state violations of clearly established constitutional rights; and (2) allege conduct that is objectively unreasonable. *Heitschmidt v. Ctiy of Houston*, 161 F.3d 834, 836-37 (5th Cir. 1998) (citations omitted).  As discussed above, plaintiff has stated a First Amendment claim for retaliation.  Moreover, that a public employee cannot be retaliated against for speaking out on governmental misconduct has been clearly established for thirty-four years.  *See discussion, Branton v. City of Dallas*, 272 F.3d 730, 744-46 (5th Cir. 2001).  A reasonably objective public official, identically situated to defendant Moran, would have known that adverse employment action against an employee for her

5

speech would violate a clearly established right.  *Id.* at 746.  Consequently, based on the

plaintiff's pleadings, the defendant is not entitled to qualified immunity.[1]  *Id.*

## **RECOMMENDATION**

Based on the foregoing, the following is recommended: (1) to the extent plaintiff alleged

claims against defendant Moran other than her First Amendment retaliation claim, those claims

should be dismissed; (2) defendant Moran's motion to dismiss plaintiff's First Amendment

retaliation claim (D.E. 11) for failure to state a claim upon which relief can be granted should be

denied.

Respectfully submitted this 27th day of October, 2005.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

---

[1]This finding is not intended to prevent the defendant from establishing, at trial or at the
summary judgment stage, that qualified immunity may foreclose plaintiff's claim.

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).